**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. **04-20259** CR-LENARD

18 U.S.C. § 371

MAGISTRATE JUDGE
SIMONTON

**UNITED STATES OF AMERICA**

**vs.**

**BARBARA COLINA,**

**Defendant.**
_____/

**INFORMATION**

The United States Attorney charges that:

**GENERAL ALLEGATIONS**

At all times relevant to this Information:

1.      The Medicare Program ("Medicare") was a federal program that provided free or below-cost health care insurance benefits to certain individuals ("beneficiaries"), primarily, those who were elderly, blind, or disabled.  Medicare was administered by the Health Care Financing Administration, an agency of the United States Department of Health and Human Services.

2.      The Medicare Part B program paid for a portion of the cost of certain medications prescribed by physicians for Medicare beneficiaries.  Prescriptions for these medications were customarily filled at pharmacies that were authorized by Medicare to submit claims for

04.22.04, 1200



reimbursement for the cost of these medications.  Medicare, in turn, would process these claims and pay the pharmacies according to Medicare rules and regulations.

3.      The Medicare program, as it related to prescription medications, was administered in Florida by Palmetto Government Benefits Administrators ("Palmetto GBA"), which, under a contract with the United States Department of Health and Human Services, served as the fiscal carrier to receive, process and pay for claims concerning durable medical equipment and certain prescription medications under Medicare.

4.      Medicare was a "federal health care program" as defined by Title 42, United States Code, Section 1320a-7b(f)(1).

5.      Confortec D.M.E., Inc. ("Confortec") was a pharmacy located in Miami, Florida. Confortec was authorized by Medicare to submit claims to Medicare for reimbursement of the cost of certain medications that Confortec dispensed by prescription to Medicare beneficiaries.

6.      Defendant **BARBARA COLINA**, was a Miami-Dade County resident who owned and operated All-U-Need Medical Supplies, Inc., a durable medical equipment company that was located in Miami, Florida.

## COUNT 1
**Conspiracy to Receive Bribes and Kickbacks in Return for Medicare Referrals
(18 U.S.C. § 371)**

1.      The allegations contained in paragraphs 1 through 6 of the General Allegations section are realleged and incorporated as though fully set forth herein.

04.22.04, 1200                                      2

2.    From in or around February 2000, the exact date being unknown to the United States Attorney, and continuing through on or about June 8, 2000, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**BARBARA COLINA,**

did knowingly and unlawfully combine, conspire, confederate, agree and reach a tacit understanding with a person known to the United States Attorney to commit an offense against the United States, that is, to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A) by knowingly and willfully soliciting and receiving remuneration (including any kickback and bribe) directly and indirectly, overtly and covertly, in cash, in return for referring Medicare beneficiaries for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by Medicare.

## OBJECT OF THE CONSPIRACY

3.    An object of the conspiracy was for **BARBARA COLINA** to enrich herself through the receipt of kickbacks paid by the owner of Confortec to **BARBARA COLINA** in return for the defendant's referral of Medicare beneficiaries to Confortec.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **BARBARA COLINA** and her co-conspirator sought to accomplish the object of the conspiracy included, among others, the following:

4.    **BARBARA COLINA** referred approximately six Medicare beneficiaries to Confortec, along with prescriptions for medications relating to these beneficiaries, knowing that Confortec would bill Medicare for the cost of the medications.

5.     Confortec's owner directed that the prescriptions for the beneficiaries referred by **BARBARA COLINA** be dispensed and that Confortec thereafter submit claims to Medicare for the cost of the medications.   Medicare processed these claims and made payments to Confortec according to the rules and regulations of Medicare.

6.     Confortec's owner, or an employee acting at the owner's direction, paid **BARBARA COLINA** kickbacks in return for **BARBARA COLINA's** referral of Medicare beneficiaries and their Medicare prescription business.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its purpose and object, at least one of the conspirators committed or caused to be committed in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1.     In or around February 24, 2000, **BARBARA COLINA** delivered to Confortec a prescription for D.A. for ipratropium bromide.

2.     In or around February 24, 2000, **BARBARA COLINA** delivered to Confortec a prescription for M.J. for albuterol.

3.     On or about February 24, 2000, Confortec's owner directed a Confortec employee to dispense D.A's prescription for ipratropium bromide.

4.     On or about February 24, 2000, Confortec's owner submitted a claim to Palmetto GBA, in the amount of $252.50, for the cost of ipratropium bromide dispensed by Comfortec for D.A.

5.     On or about February 24, 2000, Confortec's owner directed a Confortec employee to dispense M.J.'s prescription for albuterol.

6.    On or about February 24, 2000, Confortec's submitted a claim to Palmetto GBA, in the amount of $229.47, for the cost of albuterol dispensed by Confortec for M.J.

7.    On or about March 1, 2000, **BARBARA COLINA** received a cash payment of approximately $800 from the owner of Confortec.

All in violation of Title 18, United States Code, Section 371.


_____
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY


_____
DAVID FRANK
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

Barbara Colina,

                **Defendant.**

_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

  X   Miami    _____  Key West
_____  FTL     _____  WPB   _____  FTP

New Defendant(s)     Yes _____  No _____
Number of New Defendants    _____
Total number of counts      _____

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:   (Yes or No)    __No__
     List language and/or dialect   _____

4.   This case will take   __0__  days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                    (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | __0__ | Petty | |
| II | 6 to 10 days | _____ | Minor | |
| III | 11 to 20 days | _____ | Misdem. | |
| IV | 21 to 60 days | _____ | Felony | X |
| V | 61 days and over | | | |

6.   Has this case been previously filed in this District Court? (Yes or No)   __No__
If yes:
Judge: _____   Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?   (Yes or No)  __No__
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____  District of _____

Is this a potential death penalty case? (Yes or No)   __No__

7.   Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? X _____  __No__

8.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _____ Yes  X _____ No
If yes, was it pending in the Central Region?   _____ Yes   _____ No

9.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes  X _____ No

10.   Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003? _____ Yes  X _____ No

_____
DAVID FRANK
ASSISTANT UNITED STATES ATTORNEY
Court ID # A5500486

*Penalty Sheet(s) attached

REV.1/14/04

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **Barbara Colina**

**Case No**:

Count #: 1

Conspiracy to Receive Kickbacks and Bribes in Return for Medicare Referrals

18 U.S.C. § 371

**\* Max.Penalty:**           5 years' imprisonment

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### BOND RECOMMENDATION

DEFENDANT: BARBARA COLINA

$20,000 personal surety bond

(Surety) (Recognizance) (Corp. Surety) (Cash) (Jail)
(CSB) (No Bond) (Warrant) (Summons) (Marshal's Custody)

By: _____

**DAVID FRANK**
**ASSISTANT UNITED STATES ATTORNEY**

Last Known Address: 17674 N.W. 91st Avenue Hialeah, FL 33018

What Facility:

Agent(s):     Robert Muth, Special Agent, Federal Bureau of
Investigation, 16320 N.W. 2nd Avenue, North Miami Beach,
Florida, 33169.
(FBI)  (SECRET SERVICE)  (DEA)  (IRS) (CUSTOMS)  (**OTHER**)